UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOUTHSTAR FUNDING, LLC,

    Plaintiff,

                                                                       Civil No. 06-12051
                                                                      Hon. John Feikens

    v.

PREMIER MORTGAGE FUNDING,

    Defendant.

_____/

**OPINION AND ORDER FINDING JURISDICTION AS TO THE
DETROIT LOAN CLAIMS AND DISMISSING THE CINCINNATI
LOAN CLAIMS FOR LACK OF VENUE**

      Plaintiff, a Delaware corporation with its principal place of business in Georgia, brings five claims against Defendant, a Florida corporation with its principal place of business in Florida, stemming from transactions regarding property in Detroit, Michigan and Cincinnati, Ohio. I issued an order to show cause regarding jurisdiction and venue in this case on May 15, 2006. For the reasons below, I find I have jurisdiction to hear the claims regarding the Michigan loans but that this is not the proper venue to hear the Cincinnati loan claims.

**FACTUAL BACKGROUND**

      Plaintiff is a residential mortgage lender that approved and funded individual mortgage loans for six properties in Detroit and one property in Cincinnati, and later sold those loans to investors on the secondary market. (Compl. 4, 5.) It alleges that Defendant Premier, the mortgage broker for these loans, solicited false applications and supporting documentation including inflated appraisals. Id. Plaintiff alleges that as a result of these misrepresentations, the

investors demanded that Plaintiff repurchase the loans, causing it to lose $374,633.96 on the Detroit loans and $30,000 on the Cincinnati loan. Id. at 4, 6.

**PROCEDURAL BACKGROUND**

My order to show cause raised two grounds for concern. First, I was not certain that diversity jurisdiction existed in this case. The underlying rationale behind diversity jurisdiction is a concern that state courts might prefer their own citizens against citizens of other states, and the courts have interpreted Constitutional and statutory language creating diversity jurisdiction to limit it to cases in which that is reasonably a concern. Exxon Mobil Corp. v. Allapattah Servs., 125 S. Ct. 2611, 2618 (2005). Neither party in this case is a citizen of Michigan, so I asked Plaintiff to show cause why this case should not proceed in state court, since there seemed little risk of bias. Second, I questioned whether this Court was the proper venue for the Cincinnati loan claims. Although both parties had an opportunity to brief this issue, only Plaintiff chose to do so.

**ANALYSIS**

**A. Subject Matter Jurisdiction**

I begin my analysis of whether I have subject matter jurisdiction by stating two legal propositions that are the bedrock of my analysis. First, had Plaintiff brought suit in Florida, the federal court there would have subject matter jurisdiction to hear the claims under the diversity statute. 28 U.S.C. § 1332. Second, given the large amount of business Defendant was allegedly conducting in Michigan, there is also little question that the requisite contacts exist to give this Court personal jurisdiction over Defendant. Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945); Neogen v. Neo Gen Screening, 282 F.3d 883, 889-90 (6th Cir. 2002).

Additionally, there are some key facts and legal principles to note about the Detroit loans that relate to venue.  The Complaint and brief indicate that for the Detroit loans, the vast majority of the alleged actions at issue took place within this district, the majority of witnesses would be located here, and the property that was mortgaged is also located this district.  Not only do such allegations indicate venue proper here for those claims, but this district would likely be the most convenient forum in which the claims regarding the Detroit Loans can be heard.  See 28 U.S.C. § 1391(a) and § 1404(a).

This leaves only the question of whether this case can be brought here at all – namely, whether this Court, like a federal court in Florida, has subject matter jurisdiction to hear this case.  If I decide this case could not be brought here and instead must be brought in a federal court in another state, then the parties will never be able to argue the claims regarding the Detroit loans in the most convenient forum, because the venue statute forbids transfer of a case unless that transfer sends the case to a venue where the case "might have been brought."  Id.; Hoffman v. Blaski and Sullivan v. Behimer, 363 U.S. 335 (1960).

The Seventh Circuit has found it is "settled law" that when one party is a citizen of the United States but is not a citizen of any particular state, there is no risk of bias and therefore no diversity jurisdiction in the federal courts. Al Sadat v. Heinz Mertez et al., 615 F.2d 1176, 1180 (1980).  When the parties have been citizens of a state, however, the courts have ruled differently.  The Supreme Court has permitted a case to go forward in Alabama federal court between a Georgia resident and an interstate railroad, noting specifically that federal law permitted the Georgia resident to bring the case in Alabama.  Pope v. Atlantic C. L. R. Co., 345 U.S. 379, 383 (1953).  Similarly, other courts in this District have found that they had

jurisdiction (though it may not be the proper venue) to hear cases in which none of the parties were citizens of Michigan. Serefex Corp. v. Conwell, Case No. 02-CV-73714, 2003 U.S. Dist. LEXIS 2008, 2003 WL 345834 (D. Mich. Jan. 23, 2003) (Cohn, J.).[1]

In accord with this binding and persuasive authority, I hold that I have subject matter jurisdiction to hear all claims regarding this case. Additionally, I hold that this is the proper venue for the claims regarding the Detroit loans. Defendant is therefore ordered to answer the Complaint regarding those claims on or before September 29, 2006.

**B. Venue and the Cincinnati Loans**

Plaintiff's pleadings and subsequent filings show that this is not the correct venue for the Cincinnati claims. Venue must be independently established for each cause of action in the Complaint. Moore's Federal Practice §110.05. Unlike the Detroit loans, the Cincinnati loan originated in Ohio. (Declaration of Pineau 12.) According to the Complaint, the loan was made to a different borrower, the loan application was separately made, and the property mortgaged is in Ohio. There ia a federal district in which a substantial part of the events occurred and in which the related property is located – the Southern District of Ohio. Since there is no allegation of a tie via events or property to this District, but there are such allegations in support of another district, the Eastern District of Michigan is not a proper venue for these claims. See 28 U.S.C. 1391(a).

Plaintiff appears to argue, however, that this case should "piggyback" on the Detroit loan claims for the purposes of venue – in other words, this Court should find it has pendant venue.

---

[1] Offering additional support, one treatise also indicates that a case between two citizens of different states can be brought "in every state" for purposes of subject matter jurisdiction. Joseph W. Glannon, Civil Procedure 101 (1997).

(Br. at 3.)  Yet the only alleged factual commonality between the Detroit loans and the Cincinnati loans appears to be that Plaintiff purchased the Cincinnati loan under the same terms it bought the Detroit loans.  This cannot be considered a single cause of action with alternative grounds for relief.  See Moore's Federal Practice §110.05, citing Nine Point Mesa of Nashville, Inc. v. Nine Point Mesa of Lexington, Inc., 769 F.Supp. 259 (M.D. Tenn. 1991).  The only grounds for recovering the damages of $30,000 allegedly attributable to the Cincinnati loan are based on those facts unique to the Cincinnati loan.  Although Plaintiff urges me to take pendant venue for reasons of judicial economy,[2] the facts of the Cincinnati loan are different from the facts of the Detroit loans and it is these facts that are likely to be decisive on all or most claims, especially those that are fraud-based.

This Court is not the proper venue for the Cincinnati loans claims.  I cannot transfer this case to the federal court in Ohio in the interest of justice, because the inability of the Plaintiff to couple its claims against Defendant means the minimum amount in controversy for diversity jurisdiction cannot be met by the Cincinnati loan claim alone.  See 28 U.S.C. § 1332; 28 U.S.C. § 1406.  Therefore, I find venue over this claim improper and DISMISS it pursuant to 28 U.S.C. § 1406.

**CONCLUSION**

Diversity jurisdiction exists for me to hear the claims based on the Detroit loans, for which this Court is also the proper venue.  This is not the proper venue for the claims regarding the Cincinnati loan.  Therefore, I DISMISS the claims related to the Cincinnati loan without prejudice, and ORDER that Defendant answer the remaining claims in the Complaint by

---

[2] See Moore's Federal Practice. §101.05.

September 29, 2006.

**IT IS SO ORDERED.**

Date:  August 9, 2006                                        s/John Feikens
                                                             United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on August 9, 2006, by U.S. first class mail or electronic means.
>
> s/Carol Cohron
> Case Manager